1   TODD C. ATKINS (BAR NO. 208879)
    ATKINS & DAVIDSON, APC
2   101 W. Broadway, Suite 1050
    San Diego, CA 92101
3   Phone: (619) 255-2380
    Fax: (619) 231-4984
4   E-Mail: tatkins@atkinsdavidson.com

5   *Pro Se*

6

7

8                 **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  TODD C. ATKINS,                    Case No. '10 CV 1533 IEG  WVG

12          Plaintiff,                 COMPLAINT

13      vs.

14  MAGIC SLIDERS L.P.,

15          Defendants.

16
            Plaintiff TODD ATKINS ("Plaintiff"), for his Complaint against Defendant
17
    MAGIC SLIDERS L.P. ("Defendant"), alleges as follows:
18
                        NATURE OF THE ACTION
19
            1.      This is an action for false patent marking under Title 35, § 292, of the
20
    United States Code.
21
            2.      As set forth in detail below, Defendant has violated 35 U.S.C. § 292 by
22
    marking and advertising certain products as being "patented" when in fact no valid patents cover
23
    the marked products.
24
            3.      Plaintiff seeks the imposition of a fine against Defendant, one-half of which
25
    shall be paid to the United States, and the other half of which shall be paid to Plaintiff pursuant to
26
    35 U.S.C. § 292(b).
27

28

1        <u>THE PARTIES</u>

2        4.      Plaintiff is an individual residing in San Diego, CA with a correspondence

3   address of 101 W. Broadway, Suite 1050, San Diego, California, 92101.

4        5.      Upon information and belief, Defendant is a limited partnership organized

5   and existing under the laws of Delaware, having its principal place of business at 50 Main Street,

6   White Plains, NY 10606-1974.

7        <u>JURISDICTION, VENUE, AND STANDING</u>

8        6.      This Court has subject matter jurisdiction over Plaintiff's present action

9   under 28 U.S.C. §§ 1331 and 1338(a).

10       7.      This Court has personal jurisdiction over Defendant because, upon

11  information and belief, Defendant conducts substantial business in the State of California,

12  including in this Judicial District.

13       8.      Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1395(a) and

14  1400 because, at least in part, Defendant's products, the subject matter of this cause of action, are

15  offered for sale and sold in various retail stores in this District.

16       9.      Plaintiff brings this action under 35 U.S.C. § 292(b) which provides that

17  any person may sue for civil monetary penalties for false patent marking.

18       <u>DEFENDANT'S FALSELY MARKED PRODUCTS</u>

19       10.     Upon information and belief, Defendant distributes or sells MAGIC

20  SLIDER® brand furniture slider products to multiple retail stores, including Home Depot, Target,

21  Walmart, Ace Hardware, and True Value Hardware and many other retailers.  At least some of

22  such activities occur in this Judicial District.

23       11.     Upon information and belief, Defendant promotes its MAGIC SLIDER®

24  brand furniture slider products through television advertising.  At least some of such activities

25  target customers in this Judicial District.

26       12.     Upon information and belief, the MAGIC SLIDER® brand furniture slider

27  products distributed and/or sold in retail stores (in this Judicial District and nationally) by

28  Defendant include products identified as (i) "RECTANGLE SLIDERS", (ii) "ROUND

2

1  SLIDERS", (iii) "SQUARE SLIDERS", and (iv) "TRIANGLE SLIDERS". Defendant distributes

2  these products in various sizes and quantities.

3         13.    Upon information and belief, Defendant's RECTANGLE SLIDERS,

4  ROUND SLIDERS, SQUARE SLIDERS, and TRIANGLE SLIDERS products include labeling

5  on their packaging that states inter alia, "Patented" and/or "Magic Sliders are patented."

6

7  <u>CAUSE OF ACTION FOR FALSE PATENT MARKING</u>

8

9         14.    U.S. Patent No. 5,094,416 ("the '416 patent"), entitled "SLIDING

10 SUPPORT TO FACILITATE THE DISPLACEMENTS OF LOADS AND IN PARTICULAR

11 ITEMS OF FURNITURE" was issued by the USPTO on July 25, 1990. Every claim in the '416

12 patent requires a "cup-shaped member" and a "plug-shaped member" that are "provided with

13 annular ribs and grooves" with "said ribs and grooves of said plug-shaped member being

14 respectively housed in corresponding groves (sic) and ribs of said elastomeric body." Because the

15 MAGIC SLIDER® brand furniture slider products identified above do not include corresponding

16 grooves and ribs, they cannot even arguably fall within the scope of any claim of the '416 patent.

17        15.    U.S. Patent No. 5,573,212 ("the '212 patent"), entitled "GLIDE BLOCK

18 FOR MOVING LOADS" was issued by the USPTO on Nov. 12, 1996 and expired for

19 nonpayment of fees on Dec 8, 2008. Before its expiration, every claim in the '212 patent required

20 "a stud of synthetic material" and "means for attaching said stud to the bottom of a piece of

21 furniture." Because none of the MAGIC SLIDER® brand furniture slider products identified

22 above includes a stud of synthetic material nor means for securing a stud to furniture, they cannot

23 even arguably fall within the scope of any claim of the '212 patent before its expiration. After

24 Dec. 8, 2008, when the '212 patent expired, it no longer could protect or cover anything.

25        16.    U.S. Patent No. 6,405,982 ("the '982 patent"), entitled "SELF-

26 ATTACHING SLIDING SUPPORT FOR ARTICLES OF FURNITURE" issued on June 18,

27 2002. Every claim in the '982 patent requires an "elastomeric element" having a "base portion"

28 and a "circumferential inwardly extending rim" having an "edge which extends horizontally

1 inward and overhangs an interior space formed by the rim." Because the MAGIC SLIDER®
2 brand furniture slider products identified above do not include circumferential inwardly extending
3 rims having edges which extend horizontally inward and overhang interior spaces formed by the
4 rims, they cannot even arguably fall within the scope of any claim of the '416 patent.

5        17.    Upon information and belief, Defendant is a sophisticated company which
6 has experience with applying for, obtaining, and litigating multiple patents, and knows (itself or by
7 its representatives), or reasonably should know, of the requirements of 35 U.S.C. § 292.

8        18.    Upon information and belief, Defendant marks its MAGIC SLIDER® brand
9 furniture slider products as "patented" for the purpose of deceiving the public into believing that
10 something contained or embodied in its MAGIC SLIDER® brand furniture slider products is
11 covered by at least one of the listed patents.

12        19.    Upon information and belief, Defendant knows, or reasonably should know,
13 that marking the above-described MAGIC SLIDER® brand furniture slider products with false
14 patent statements was and is illegal under Title 35 of the United States Code. At a minimum,
15 Defendant had and has no reasonable basis to believe that its use of the false markings was or is
16 proper or otherwise permitted under federal law.

17        20.    Each time Defendant makes, has made, uses, offers to sell, or sells within
18 the United States, or imports into the United States, MAGIC SLIDER® brand furniture slider
19 products containing false patent marking, such as described above, Defendant commits at least one
20 "offense," as defined in 35 U.S.C. § 292(a).

21        21.    Since at least 2003, Defendant has promoted its MAGIC SLIDER® brand
22 furniture slider products through an internet web site identified by the URL
23 www.magicsliders.com.

24        22.    Defendant's web site contains false patent information, including the
25 statements "Magic Sliders are patented coated sliding discs that move any heavy item..." and
26 "Magic Sliders are patented and trademarked." (See http://www.magicsliders.com/about/ and
27 http://www.magicsliders.com/instructions/)

28

4

23.     Defendant's web site even lists multiple reasons why its MAGIC SLIDER® brand furniture slider products are allegedly superior to its competitors, stating "Only patented product [in the market]", and "Exclusive patented sizes and shapes". (See http://www.magicsliders.com/retailers/).

24.     For at least the reasons detailed above, Defendant knows, or reasonably should know, that the patent-related statements on its web site are false and violate 35 U.S.C. § 292.

25.     Upon information and belief, Defendant publishes false patent information on its web site for the purpose of deceiving the public into believing that unpatented MAGIC SLIDER® brand furniture slider products contain or embody "patented" technology.

26.     Each time Defendant transmits, over the internet, MAGIC SLIDER® promotional content containing false patent information or assertions, Defendant commits at least one "offense", as defined in 35 U.S.C. § 292.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests this Court, pursuant to 35 U.S.C. §292, to:

(1)     Find that the Defendant's manufacture, promotion, advertising, marketing, sale, and/or distribution of products with false patent markings or false patent assertions violate 35 U.S.C. § 292(a);

(2)     Determine an appropriate "fine," not more than $500 per offense, but sufficient to appropriately penalize Defendant's violations of § 292(a), and to deter Defendant and others similarly situated from violating § 292(a) in the future;

(3)     Direct that half of the fine be paid to the United States government pursuant to § 292(b); and

(4)     Direct that the other half of the fine be paid to Plaintiff pursuant to § 292(b).

1

JURY DEMAND

2

3        Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial

4   by jury on all issues so triable.

5

6                               Respectfully submitted,

7

8      Dated: June 24, 2010

9                                     Todd Akins

10                                    *Pro se*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Todd C. Atkins | Magic Sliders L.P. |

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  10 JUL 23  Delaware 2: 35
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

**'10 CV 1533 IEG   VVG**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 USC section 292; 28.1338

Brief description of cause:
False Patent Marking

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE  06/24/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 16132   AMOUNT $350   7/22/10 BM   APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

CR

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS016132
Cashier ID: bhartman
Transaction Date: 07/22/2010
Payer Name: ATKINS AND DAVIDSON
--------------------------------
CIVIL FILING FEE
 For: ATKINS V MAGIC SLIDERS
 Case/Party: D-CAS-3-10-CV-001533-001
 Amount:        $350.00
--------------------------------
CHECK
 Check/Money Order Num: 4252
 Amt Tendered:  $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```