SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
Jeffrey D. Lewin, SBN 68202
Cynthia A. Fissel, SBN 164153
550 West "C" Street, Suite 1500
San Diego, California 92101
Telephone: (619) 233-4100
Fax Number: (619) 231-4372

Attorneys for Defendant Magic Sliders, L.P.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD C. ATKINS, | Case No. 10-CV-1533-IEG-WVG |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER ON GROUNDS OF *FORUM NON CONVENIENS*** |
| v. | |
| MAGIC SLIDERS, L.P., | |
| Defendant. | Date: November 29, 2010<br>Time: 10:30 a.m.<br>Courtroom: 1<br>Judge: Hon. Irma E. Gonzales |

# TABLE OF CONTENTS

I. BRIEF STATEMENT OF THE CASE ................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND .........................................................1

    A.    Plaintiff ...........................................................................................................1

    B.    Defendant Magic Sliders ................................................................................2

    C.    Location of Party and Nonparty Witnesses and Documents .........................3

III. THIS ACTION SHOULD BE TRANSFERRED PURSUANT TO 28 U.S.C. § 1404(a) TO THE SOUTHERN DISTRICT OF NEW YORK .........................................................5

    A.    This Case Might Have Been Brought in the Southern District of New York ..............6

    B.    The Convenience of the Parties and Non-Party Witnesses and the Interests of Justice Necessitate Transfer to the Southern District of New York .............7

        1.    Plaintiff's Choice of Forum is Not Entitled to Great Weight ........................7

        2.    The Convenience of Nonparty Witnesses and the Unavailability of Process to Compel Their Presence at Trial Strongly Favor Transfer to the Southern ..........................................................................................8

        3.    Substantially All Operative Facts Took Place in the Southern District of New York .................................................................................9

        4.    The U.S. District Court for the Southern District of New York is Equally Familiar with Governing Law .........................................................10

        5.    The Difference in the Costs of Litigation in the Two Forums Favors Transfer ..........................................................................................10

IV. CONCLUSION ...................................................................................................................11

## TABLE OF CASES AND AUTHORITIES

**Cases**

*A.J. Industries, Inc. v. United States Dist. Court for the Central Dist. of Cal.*,
    503 F.2d 384, 386-88 (9th Cir. 1974)..................................................................6

*Amini Innovation Corp. v. J. S. Import, Inc.*,
    497 F. Supp. 2d 1093, 1109 n.39 (C.D. Cal. 2007)..........................................6, 10

*Gallant v. Trustees*,
    111 F. Supp. 2d 638, 647 (E.D. Pa. 2000)............................................................7

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495, 498 (9th Cir. 2000).....................................................................5, 11

*Les Schwimley Motors, Inc. v. Chrysler Motors Corp.*,
    270 F. Supp. 418 (E.D. Cal. 1967).........................................................................6

*Pequignot v. Solo Cup Co.*,
    2010 U.S. App. LEXIS 11820, *2 (Fed. Cir. June 10, 2010)..................................8

*San Francisco Technology, Inc. v. Glad Prods. Co.*,
    2010 U.S. Dist. LEXIS 83681, *8 n.11 (N.D. Cal. July 19, 2010)....................8, 10

*Stauffer v. Brooks Bros., Inc.*,
    2010 U.S. App. LEXIS 18144 (Fed. Cir. Aug. 31, 2010)....................................6, 8

*United States ex rel. Adrian v. Regents of Univ. of California*,
    2002 U.S. Dist. LEXIS 3321, 2002 WL 334915 (N.D. Cal. Feb. 25, 2002)..........8

*United States ex rel. FLFMC, LLC v. Ohio Art Co.*,
    2010 U.S. Dist. LEXIS 77508, *9 (W.D. Pa. July 30, 2010)..................................7

*United States ex rel. v. Arkray USA*,
    2007 U.S. Dist. LEXIS 19325, *2 (N.D. Miss. 2007).............................................8

*United States ex rel. v. Bates East Corp.*,
    1996 U.S. Dist. LEXIS 10316 (E.D. Pa. 1996)......................................................8

*United States ex rel. v. First Nat'l Bank of Boston*,
    625 F. Supp. 591, 594 (D.N.H. 1985)....................................................................8

*United States v. One Oil Painting Entitled "Femme en Blanc" by Pablo Picasso*,
    362 F. Supp. 2d 1175, 1185 (C.D. Cal. 2005).......................................................10

*Zimpelman v. Progressive N. Ins. Co.*,
    2010 U.S. Dist. LEXIS 5582, 2010 WL 135325, at *1 (N.D. Cal. Jan. 8, 2010)....8

**Statutes**

28 U.S.C. § 1338(a) ...........................................................................................................6

28 U.S.C. § 1400(b) ...........................................................................................................7

28 U.S.C. § 1404(a) ...................................................................................................1, 5, 10

35 U.S.C. § 292 .............................................................................................................1, 2, 8

35 U.S.C. § 292(a) .........................................................................................................1, 2, 8

# I.

## BRIEF STATEMENT OF THE CASE

Plaintiff attorney-at-law has brought this false marking action as 'relator' for the United States, meaning that he does not claim to be a competitor of Magic Sliders, nor does he claim to have been damaged by any of Magic Sliders' conduct. Rather, Plaintiff *qui tam* seeks a judgment for penalties arising out of Magic Sliders' allegedly marking its goods with a general "patented" indication, when its patents applied to only some such goods. Any money judgment would be split equally between Plaintiff and the United States, pursuant to 35 U.S.C. § 292(a).[1]

The complaint in this action was filed on July 22, 2010. On September 8, 2010, the summons and complaint were served on Magic Sliders at its principal office, which is located in the Southern District of New York. Since the complaint was filed and served, the parties have filed no papers in the action other than a joint motion to extend time for Magic Sliders to file a motion to transfer and to respond to the Complaint.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

Magic Sliders now moves to transfer the action pursuant to 28 U.S.C. § 1404(a) on grounds that the Southern District of California is an inconvenient forum for the conduct of the action, and that the action should be transferred in the interests of justice to the Southern District of New York.

### A. Plaintiff

Plaintiff is, by profession, a practicing lawyer. He is not, and makes no claim to be, a

---

[1] The "false marking" statute, 35 U.S.C. § 292, provides in pertinent part:

(a) Whoever marks upon . . . any unpatented article, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public . . . [shall] be fined not more than $500 for every such offense.

(b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

35 U.S.C. § 292 (emphasis added).

316357-v1                               1                    Case No. 10-CV-1533-IEG-WVG

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER ON GROUNDS OF FORUM NON CONVENIENS**

competitor of Magic Sliders, nor does he claim to have been damaged in any way by any of Magic Sliders' conduct. Rather, Plaintiff *qui tam* seeks a judgment for a judgment for penalties arising out of Magic Sliders' allegedly marking its goods with a general "patented" indication, when its patents applied to only some such goods. Any money judgment would be split equally between Plaintiff and the United States, pursuant to 35 U.S.C. § 292(a).

The only connection between this action and the Southern District of California appears to be that Plaintiff's law office is located a block from the Courthouse.

**B. Defendant Magic Sliders**

Magic Sliders' principal business since its inception in 1992 has been the manufacture and sale of MAGIC SLIDERS® discs. Such discs are designed for placement between furniture and floors, and for placement between surfaces which would otherwise come into direct contact, in order to reduce friction, and reduce or prevent scratching, scuffing, skidding, and noise. In recent years, Magic Sliders has expanded the scope of its products to include related products, such as, door stops, furniture casters, felt pads, caster cups, grippers, bumpers, and leg tips. Plaintiff's claim of false marking appears to be directed only to MAGIC SLIDERS® discs. October 20, 2010 Declaration of Steven A. Bernstein ("Bernstein Decl.") ¶ 2.

Magic Sliders is a limited partnership organized and existing under the laws of the State of Delaware. The general partner and operator of the limited partnership is Magic Sliders Inc., which is a New York corporation. Neither Magic Sliders nor its general partner is, or has ever been, organized under the laws of the State of California, nor has Magic Sliders or its general partner ever sought or obtained authority to do business in the State of California. Bernstein Decl. ¶ 3.

At all times, both Magic Sliders and its general partner have maintained their principal offices in the County of Westchester, New York, which is located in the Southern District of New York. Neither Magic Sliders nor its general partner has ever maintained an office in the State of California. Bernstein Decl. ¶ 4.

At all times, all officers and employees of Magic Sliders have maintained their principal residences in the State of New York or adjacent states, and have worked at Magic Sliders' principal

offices in the County of Westchester, New York, which is located in the Southern District of New York. No officers or employees of Magic Sliders have ever maintained their principal residence in the State of California or worked at an office of Magic Sliders located in the State of California, as there has never been any such office in that state. Bernstein Decl. ¶ 5.

Magic Sliders neither owns nor operates a warehouse in the State of California. Magic Sliders maintains a limited U.S. inventory of goods in a third party warehouse located in the County of Clinton, New York. Bernstein Decl. ¶ 6.

Magic Sliders owns no tangible assets located in the State of California. Bernstein Decl. ¶ 7.

The records of Magic Sliders pertinent to the issues to be raised in this action are located in or around Magic Sliders' principal offices in the Southern District of New York. By contrast, no Magic Sliders records are maintained in the State of California. Bernstein Decl. ¶ 8.

### C. Location of Party and Nonparty Witnesses and Documents

As Plaintiff is not, and makes no claim to be, a competitor of Magic Sliders, and does not claim to have been damaged in any way by any of Magic Sliders' conduct, it is to be expected that there will be no proffer of testimony of any party eyewitnesses in Plaintiff's case-in-chief. Similarly, as the operative facts of the case took place in New York, it is to be expected that Plaintiff's case-in-chief will involve no proffer of testimony of nonparty eyewitnesses located in the Southern District of California.

Similarly, it is to be expected that Plaintiff will have no documents of his own to unearth and produce. Plaintiff's proof is likely to consist of evidence produced by Magic Sliders' party and non-party witnesses. Although Plaintiff might also proffer the testimony of an expert witness or two, such witnesses are as abundant in New York as in San Diego.

As set forth above, the only connection between this action and the Southern District of California appears to be that Plaintiff's law office is located a block from the Courthouse.

By sharp contrast, the production of virtually all party and nonparty witnesses, as well as documents, is likely to be done by Magic Sliders. It is Magic Sliders that will be required to produce evidence of its relevant use of patented markings, as well as evidence of sales of its goods.

As there can be no violation of the false marking statute unless the defendant's purpose was to deceive the public,[2] one of Magic Sliders' defenses in this action will be that it reasonably relied upon the advice of counsel that its goods are (or were) subject to valid claim(s) of patent. Evidence in support this defense is expected to include the testimony of witnesses and the contents of documents located in the Southern District of New York. Bernstein Decl. ¶ 9.

The attorney upon whose opinion Magic Sliders principally relied was Arthur Lieberman. During the relevant time, Mr. Lieberman was admitted to legal practice in the State of New York, and Magic Sliders expects that he remains a member of the bar of the State of New York. Mr. Lieberman practiced law with the law firms of Lieberman & Nowak, 350 Fifth Avenue, at 74th Floor, New York, New York, Dickstein Shapiro LLP, at 1633 Broadway, New York, New York, and Ganfer & Shore, LLP, at 360 Lexington Avenue, 14th Floor, New York, New York. All such law offices are located in the Southern District of New York. Magic Sliders expects at least one such New York law firm to have retained a copy of Mr. Lieberman's file concerning his opinion. Bernstein Decl. ¶ 10.

Since Magic Sliders' receipt of Mr. Lieberman's opinion, he has discontinued his affiliation with the New York law firm on whose behalf his opinion was issued. Although the firm with which he is currently listed by the New York Office of Court Administration as being affiliated apparently remains in practice, he is not listed on the firm's website as being associated with the firm. Mr. Lieberman maintains a continuing relationship with the above-mentioned New York law firm of Ganfer & Shore, LLP. Bernstein Decl. ¶ 11.

Magic Sliders has no continuing relationship with Mr. Lieberman or with any of the above-mentioned New York firms with which he was affiliated. Bernstein Decl. ¶ 12.

At the time Magic Sliders' then chief executive officer, namely, Ms. Madi Ferencz, obtained Mr. Lieberman's opinion on Magic Sliders' behalf, she resided in the Southern District of New

---

[2] See note 1.

York, and maintained an office located within Magic Sliders' principal offices in the Southern District of New York. Since such time, she has left the employ of Magic Sliders. When Ms. Ferencz left the employ of Magic Sliders, she was required to leave all records pertinent to Mr. Lieberman's opinion with Magic Sliders at its principal offices in the Southern District of New York. Ms. Ferencz currently lives and works in the Southern District of New York. Bernstein Decl. ¶ 13.

Magic Sliders expects that the testimony of Mr. Lieberman, his three New York law firms and Ms. Ferencz will be necessary to its defense of the action.

## III.

## THIS ACTION SHOULD BE TRANSFERRED PURSUANT TO 28 U.S.C. § 1404(a) TO THE SOUTHERN DISTRICT OF NEW YORK

The federal *forum non conveniens* statute[3] provides, as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In the Ninth Circuit, a motion for transfer pursuant to § 1404(a) lies within the sound discretion of the district court, and its outcome depends on the facts of each case. In *Jones v. GNC Franchising, Inc.*,[4] the Ninth Circuit set forth factors to be considered in a contract action, as follows:

(1) the location where the relevant agreements were negotiated and executed, and whether there is a contractual forum selection clause;

(2) the state that is most familiar with the governing law;

(3) the plaintiff's choice of forum, which is entitled to some level of deference;

---

[3] 28 U.S.C. § 1404(a).

[4] 211 F.3d 495, 498 (9th Cir. 2000).

(4) the respective parties' contacts with the forum;

(5) the contacts relating to the plaintiff's cause of action in the chosen forum,

(6) the differences in the costs of litigation in the two forums;

(7) the availability of compulsory process to compel attendance of unwilling non-party witnesses;

(8) the ease of access to sources of proof; and

(9) the relevant public policy of the forum state.

As the instant action is not based upon a contract, the following analysis will omit discussion of the location where relevant agreements were negotiated and executed, as well as whether the contract contains a forum-selection clause.

### A. This Case Might Have Been Brought in the Southern District of New York

A case "might have been brought" in a transferee district if that district would have had complete personal jurisdiction over defendants, subject matter jurisdiction over the claim, and proper venue, had the claim originally been brought in that court.[5]

The facts here easily satisfy that test.

First, the Southern District of New York has personal jurisdiction over the sole Defendant, whose principal office is located in such district.

Second, the relevant statute confers subject-matter jurisdiction over claims arising under the Patent Act upon every District Court of the United States, with no statutory exception carved out for false marking claims.[6] The Southern District of New York therefore has no less subject matter

---

[5] *A.J. Industries, Inc. v. United States Dist. Court for the Central Dist. of Cal.*, 503 F.2d 384, 386-88 (9th Cir. 1974); *Amini Innovation Corp. v. J. S. Import, Inc.*, 497 F. Supp. 2d 1093, 1109 n.39 (C.D. Cal. 2007); *Les Schwimley Motors, Inc. v. Chrysler Motors Corp.*, 270 F. Supp. 418 (E.D. Cal. 1967).

[6] 28 U.S.C. § 1338(a): ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . . Such jurisdiction shall be exclusive of the courts of the states in patent . . . cases.") As to false marking cases, *see, e.g., Stauffer v. Brooks Bros., Inc.*, 2010 U.S. App. LEXIS 18144 (Fed. Cir. Aug. 31, 2010). By moving to transfer this action, Magic Sliders does not waive any right to object to the subject matter jurisdiction of the U.S. District Court in this action, whether on grounds that Plaintiff lacks standing, that the creation of a *qui tam* right of action in respect of "false marking" violates Article II of the U.S. Constitution, or any other grounds.
(continued…)

jurisdiction over this false marking claim than does the Southern District of California. As Plaintiff has alleged no non-patent claims, it is unnecessary to address alternative grounds for the assertion of subject matter jurisdiction.

Finally, venue was and is proper in the Southern District of New York, as that is the district in which the sole Defendant resides.[7]

For the above reasons, there can be no dispute that this case "might have been brought" in the Southern District of New York.

## B. The Convenience of the Parties and Non-Party Witnesses and the Interests of Justice Necessitate Transfer to the Southern District of New York

### 1. Plaintiff's Choice of Forum is Not Entitled to Great Weight

Although Plaintiff's choice of forum is generally entitled to some weight, as the U.S. District Court for the Western District of Pennsylvania recently observed in transferring a false marking case on grounds of *forum non conveniens*,

> [it] is . . . given less weight when fewer of the operative facts took place in that forum, and the defendant indicates a strong preference for another district.[8]

Here, Magic Sliders has expressed its strong preference to transfer the action to the Southern District of New York, which is the place where all relevant acts occurred, where the nonparty and party witnesses reside, and where all relevant documents are located. In this action, no operative facts took place in the Southern District of California. In fact, because Plaintiff is a practicing lawyer

---

(...continued)

For purposes of the present motion, it is sufficient for Magic Sliders to demonstrate that the court to which the action would be transferred has no lesser subject matter jurisdiction over the action than the transferring court.

[7] 28 U.S.C. § 1400(b): "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Magic Sliders' residence is sufficient to establish that the Southern District of New York is a proper venue for this action. Transfer will obviate any need to analyze whether Magic Sliders "has committed acts of infringement" in the Southern District of California, where it neither resides nor maintains a place of business.

[8] *United States ex rel. FLFMC, LLC v. Ohio Art Co.*, 2010 U.S. Dist. LEXIS 77508, *9 (W.D. Pa. July 30, 2010) (citing *Gallant v. Trustees*, 111 F. Supp. 2d 638, 647 (E.D. Pa. 2000)).

alleging no connection whatever to the relevant industry, and alleging no damage to himself arising out of the acts complained of, there appears to be no connection whatever between the action and Plaintiff's chosen forum, other than the presence of Plaintiff's law office a block from the Courthouse.

As the same court went on to observe:

> Secondly, in a *qui tam* action the real party in interest is the United States and, accordingly, the relator's choice of venue is not entitled to the same level of deference.[9]

Finally, as the U.S. District Court for the Northern District of California recently observed in transferring severed portions of a false marking action on grounds of *forum non conveniens*:

> Courts generally do not consider the convenience of counsel to be a relevant factor in considering a motion to transfer venue.[10]

### 2. The Convenience of Nonparty Witnesses and the Unavailability of Process to Compel Their Presence at Trial Strongly Favor Transfer to the Southern

One of Magic Sliders' defenses in this action will be that it reasonably relied upon the advice of counsel that its goods are (or were) subject to valid claim(s) of patent.[11] Evidence in support this defense is expected to include the testimony of witnesses and the contents of documents located in

---

[9] *United States ex rel. FLFMC*, 2010 U.S. Dist. LEXIS 77508, at *10 (citing *United States ex rel. v. Arkray USA*, 2007 U.S. Dist. LEXIS 19325, *2 (N.D. Miss. 2007); *United States ex rel. Adrian v. Regents of Univ. of California*, 2002 U.S. Dist. LEXIS 3321, 2002 WL 334915 (N.D. Cal. Feb. 25, 2002); *United States ex rel. v. First Nat'l Bank of Boston*, 625 F. Supp. 591, 594 (D.N.H. 1985) (plaintiffs' choice of forum "should be given relatively little weight" in a *qui tam* action); *United States ex rel. v. Bates East Corp.*, 1996 U.S. Dist. LEXIS 10316 (E.D. Pa. 1996) (same). *Cf. Stauffer v. Brooks Brothers, Inc.*, 615 F. Supp. 2d 248 (S.D.N.Y. 2009) (noting that qui tam provision operates as a statutory assignment of the rights of another, and relator can proceed in vindication of those rights)).

[10] *San Francisco Technology, Inc. v. Glad Prods. Co.*, 2010 U.S. Dist. LEXIS 83681, *8 n.11 (N.D. Cal. July 19, 2010) (quoting *Zimpelman v. Progressive N. Ins. Co.*, 2010 U.S. Dist. LEXIS 5582, 2010 WL 135325, at *1 (N.D. Cal. Jan. 8, 2010)).

[11] Good faith reliance upon an opinion of counsel may form the basis of a valid defense to a "false marking" claim, as the statute imposes no liability unless the plaintiff proves that the incorrect marking was made "for the purpose of deceiving the public." 35 U.S.C. § 292(a); *Pequignot v. Solo Cup Co.*, 2010 U.S. App. LEXIS 11820, *2 (Fed. Cir. June 10, 2010).

1 the Southern District of New York.

2 The attorney upon whose opinion(s) Magic Sliders appears to have relied was, at the time the opinion was rendered, admitted to legal practice in the State of New York.[12] Magic Sliders expects that such attorney remains a member of the bar of the State of New York, notwithstanding that his registration payments to the New York Office of Court Administration may be delinquent.

At the time Magic Sliders' chief executive officer obtained such opinion on Magic Sliders' behalf, she resided in the Southern District of New York, and maintained an office located within Magic Sliders' principal offices in the Southern District of New York. Since such time, that chief executive officer has left the employ of Magic Sliders, and Magic Sliders will likely be unable to produce her without compulsory process.

Even without more, the likely availability of these two witnesses in the Southern District of New York should be sufficient to overcome Plaintiff's selection of a forum based upon its proximity to his law office. But, as will be seen below, there is much more.

In addition to the above two New York nonparty witnesses, there are no fewer than three additional New York nonparty witnesses, the three New York law firms - Lieberman & Nowak, Dickstein Shapiro LLP and Ganfer & Shore, with which Mr. Lieberman has been associated. Their knowledge and records of Mr. Lieberman's opinion, and the legal work underlying it, are directly pertinent to Magic Sliders' defense, as are all pertinent documents in their custody in New York.

### 3. Substantially All Operative Facts Took Place in the Southern District of New York

Magic Sliders makes decisions concerning the marking and labeling of its packaging at its home office in the Southern District of New York. Its sales and sales practices are guided from its New York office. Its accounting and recordkeeping are done there. In addition, as indicated above, Magic Sliders' consultation with the patent counsel on whose opinion it has relied appears to have taken place in New York.

---

[12] Magic Sliders' hesitation to speak categorically about such matters arises out of the fact that its then-CEO has since left its employ.

These operative facts should to be compared to those taking place in the Southern District of California: None.

### 4. The U.S. District Court for the Southern District of New York is Equally Familiar with Governing Law

The decisional law applicable to this action is the Patent Act of the United States, which is applied by U.S. District Courts throughout the United States. As recently observed by the U.S. District Court for the Northern District of California:

> Questions of federal law may be applied by any federal court, and this Court is not necessarily better able 15 to apply the false marking statute than federal courts in other districts.[13]

### 5. The Difference in the Costs of Litigation in the Two Forums Favors Transfer

Litigating this case in the Southern District of New York will be much less expensive for Magic Sliders than litigating in this district. The convenience of the parties and their witnesses and costs of litigation are interrelated and are addressed collectively. The convenience of witnesses is a very important factor in a 1404(a) transfer analysis.[14]

Magic Sliders' officers and employees reside, work, and keep their documents in the Southern District of New York. Therefore, it would be vastly more expensive and inconvenient for Magic Sliders to defend this case in the Southern District of California than in the Southern District of New York.

Magic Sliders has no offices, no employees, no agents, no real property, no assets, and no other business in the Southern District of California.

Because Magic Sliders has no physical presence in the Southern District of California, its ongoing business operations would be frustrated were its principals absent for an extended time, and

---

[13] *San Francisco Technology, Inc. v. Glad Prods. Co.*, 2010 U.S. Dist. LEXIS 83681, *22 (N.D. Cal. July 19, 2010).

[14] *Amini Innovation Corp. v. J.S. Import, Inc.*, 497 F. Supp. 2d 1093, 1111 (C.D. Cal. 2007); *United States v. One Oil Painting Entitled "Femme en Blanc" by Pablo Picasso*, 362 F. Supp. 2d 1175, 1185 (C.D. Cal. 2005).

the company would be exposed to significant and unnecessary costs by litigating in this District. Magic Sliders' pertinent books and records may be voluminous, and are located in the Southern District of New York. It would be extremely disruptive and costly for Magic Sliders' documents and employees to be transported to the Southern District of California for trial. Bernstein Decl. ¶ 14.

As Plaintiff does not allege that he operates a business competitive to that of Magic Sliders, and as he alleges no injury to himself arising out of Magic Sliders' alleged business practices, the only grounds Plaintiff can proffer for keeping this action in California appears to be his own personal convenience. By asking the Court to require Magic Sliders to litigate thousands of miles and a continent away from home, Plaintiff seeks a result that would largely require Magic Sliders to subsidize his prosecution of this action, which was no doubt his reason for bringing it here in the first instance.

## IV.

## CONCLUSION

While a few of the Jones factors may be "neutral," nearly all strongly favor the transfer of this action to the Southern District of New York. But, most importantly, the interests of five non-party witnesses — witnesses whose testimony the complaint puts squarely at the core of this action — would be far better served by transfer to the Southern District of New York.

Only one of the eight Jones factors — Plaintiff's choice of forum — weighs against transferring this case to the Southern District of New York. But that factor should be given little weight where, as set forth above, none of the operative facts took place in the forum selected by Plaintiff, Magic Sliders indicates a strong preference for another district, and, as the case is brought *qui tam*, the real party in interest is the United States.

In light of the number of factors favoring transfer, most particularly the availability of non-party witnesses, the balance of factors clearly weighs in favor of transfer. That is why Magic Sliders respectfully requests that its motion to transfer be granted.

Dated:   October 20, 2010

SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation

By:   /s/ Jeffrey D. Lewin
      Jeffrey D. Lewin
      Attorneys for Defendant
      Magic Sliders, L.P.